1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

SAN JOSE DIVISION

7

8

SCOTT JOHNSON,

                    Plaintiff,

9

        v.

10

EDWARD K. LI, et al.,

11

                    Defendants.

12

Case No.  5:19-cv-08075-EJD

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Re: Dkt. No. 24

13

        Plaintiff Scott Johnson's seeks attorneys' fees and costs under 42 U.S.C. § 12205 and Cal.

14

Civ. Code § 52(a).  Defendants maintain that the fees and costs requested are unreasonably high.

15

Having considered the Parties' papers, the Court **GRANTS in part and DENIES in part**

16

Plaintiff's motion for attorneys' fees and costs.[1]

17

**I.        BACKGROUND**

18

        On December 11, 2019, Plaintiff, a level C-5 quadriplegic, filed a lawsuit against

19

Defendants, who operate a Family Healthcare Center located at 520 S. Murphy Avenue,

20

Sunnyvale, California.  *See* Complaint for Damages and Injunctive Relief ("Compl.") ¶¶ 1–3, Dkt.

21

1.  Plaintiff alleged that Defendants unlawfully failed to provide accessible paths of travel,

22

accessible sales counters, and accessible restrooms.  *Id.* ¶¶ 12–18.

23

        On April 14, 2020, this Court entered Judgment in favor of Plaintiff pursuant to an

24

accepted Rule 68 Offer of Judgment.  Dkt. 23.  The Judgment entitles Plaintiff to $6,500 and all

25

26

----

[1] Pursuant to N.D. Cal. Civ. L.R. 7-1(b), this Court finds this motion suitable for consideration without oral argument.

27

Case No.: 5:19-cv-08075-EJD

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR

28

ATTORNEYS' FEES AND COSTS

1

United States District Court
Northern District of California

1  reasonable costs and attorneys' fees incurred from this lawsuit.  On April 28, 2020, Plaintiff filed a

2  motion for attorneys' fees and costs.  Notice of Motion and Memorandum of Points and

3  Authorities in Support of Motion for an Award of Attorneys' Fees ("Mot."), Dkt. 24.  On May 12,

4  2020, Defendants filed an opposition.  Defendants Opposition to Plaintiff's Motion for Attorney's

5  Fees and Costs ("Opp."), Dkt. 25.  Thereafter, on May 19, 2020, Plaintiff filed a reply.  Reply in

6  Support of Plaintiff's Motion for Attorneys' Fees ("Reply"), Dkt. 26.

7  **II.    LEGAL STANDARD**

8  Both the ADA and the Unruh Act permit recovery of fees by a "prevailing" plaintiff.  42

9  U.S.C. § 12205; Cal. Civ. Code § 55.  Such fee-shifting statutes "enable private parties to obtain

10  legal help in seeking redress for injuries resulting from actual or threatened violation of

11  specific . . . laws."  *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565

12  (1986).  Recovery statutes, however, are not intended "to punish or reward attorneys."  *Van*

13  *Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1047 (9th Cir. 2000).  A plaintiff who

14  enters into a legally enforceable settlement agreement is considered prevailing party.  *Barrios v.*

15  *Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir. 2002).  Because Plaintiff has obtained

16  "substantial relief" on "related" claims based on "a common core of facts or . . . related legal

17  theories," the court may award full fees under either the ADA or Unruh Act claim and need not

18  distinguish between the fees awarded under each.  *See El–Hakem v. BJY Inc.*, 415 F.3d 1068,

19  1075–76 (9th Cir. 2005); *see also Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 901–

20  02 (9th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

21  To calculate recoverable fees, both federal and state courts look to the lodestar method.

22  *See Hensley*, 461 U.S. at 433; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).  The lodestar

23  method is "strong[ly] presum[ed]" to represent a reasonable fee.  *Del. Valley Citizens' Council*,

24  478 U.S. at 565.  The court arrives at this figure by multiplying the number of hours reasonably

25  expended by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433; *Ketchum*, 24 Cal. 4th at 1132.

26  The fee applicant bears the burden of showing that the requested rate is reasonable based on "the

27  Case No.: 5:19-cv-08075-EJD

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR

28  ATTORNEYS' FEES AND COSTS

United States District Court
Northern District of California

prevailing market rate in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990) (quotation marks omitted), *overruled on other grounds by Burlington v. Dague*, 505 U.S. 557, 559 (1992).  In making this determination, courts look to other decisions in "the forum in which the district court sits," and "accord[s] more weight to . . . fee awards made in the last two years." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *see also Nadarajah v. Holder*, 569 F.3d 906, 917 (9th Cir. 2009); *Johnson v. Allied Trailer Supply*, 2014 WL 1334006, at *5 n. 3 (E.D. Cal. Apr. 3, 2014) (citing *Bell v. Clackamas Cty.*, 341 F.3d 858, 869 (9th Cir. 2003) (finding abuse of discretion where district court "appl[ied] market rates in effect more than two years before . . . work . . . performed")).

### III.   DISCUSSION

Plaintiff seeks $10,945.00 in attorneys' fees and $875.00 in litigation costs.  The Court addresses each request in turn.

#### A.  Attorneys' Fees

Both Parties agree that this case was not extensively litigated—Plaintiff's counsel expended less than "two full work days" on the representation.  Mot. at 16.  Plaintiff is seeking compensation for this work based on the lodestar method without any adjustment, in the amount of $10,945.00.  Defendants do not challenge Plaintiff's entitlement to fees; Defendants challenge the requested hourly rate and some of the billing entries for attorneys Mark Potter, Dennis Price, Amanda Seabock, and Josie Zimmermann.[2]

---

[2] Defendants also argue that Mark Potter's declaration that certifies Dennis Price, Amanda Seabock, and Josie Zimmermann's billing statements is inadmissible hearsay.  The Court disagrees—this declaration shows that the records fall within the business records exception to the rule against hearsay.  Mark Potter is the managing partner and record keeper at Center for Disability Access (the law firm representing Plaintiff).  His declaration certifies that the business records submitted to support Mark Potter, Dennis Price, Amanda Seabock, and Josie Zimmermann's request for fees fall within the business records exception to the hearsay rule.  *See* Fed. R. Evid. 803(6).  The Court thus disregards this objection.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1. Reasonable Hourly Rates

"Determination of a reasonable hourly rate is not made by reference to rates actually charged the prevailing party.  In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986) (citation omitted), *amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987).  In general, "the relevant community is the forum in which the district court sits." *Barjon*, 132 F.3d at 500.

"The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008).  "While disability access cases are a subset of civil rights practice, it would be naive to equate the level of skill required to litigate a routine disability access case with the level of skill required to successfully litigate a more complicated civil rights case raising novel or complicated constitutional issues." *Johnson v. Wayside Prop., Inc.*, 2014 WL 6634324, at *6 (E.D. Cal. Nov. 21, 2014).  The burden is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n. 11.

Plaintiff seeks the following hourly rates for his counsel: $650 for Mark Potter, $450 for Amanda Seaback and Dennis Price, and $400 for Josie Zimmermann.  Plaintiff submits a declaration from Mark Potter in support of these rates, in which Mr. Potter declares that he is the managing partner of the Center for Disability Access ("CDA"), the law firm retained by Plaintiff in this action.  Declaration of Mark Potter ("Potter Decl.") ¶ 1, Dkt.24-1.  Mr. Potter has devoted more than [ninety-five percent] of [his] practice to disability issues for [twenty] years" and has "litigated over 2,000 disability cases." *Id.* ¶ 4.  Potter also declares that: (1) Price is a supervising

Case No.: 5:19-cv-08075-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

4

United States District Court
Northern District of California

1   attorney (an associate) at CDA who has been in practice for nine years and has been involved in

2   "hundreds of disability rights cases, see *id.* ¶ 8; (2) Seabock is a supervising attorney (an

3   associate) at CDA who supervises all disability rights cases filed in the Northern District of

4   California, see *id.* ¶ 9; and (3) Zimmermann is an associate at CDA, who graduated in 2018 from

5   law school, has "significant civil litigation experience," but just recently, as of "2020" joined CDA

6   to "handl[e] discovery related tasks," see *id.* ¶ 10.

7           Plaintiff also submits the declaration of John D. O'Connor to justify their claimed hourly

8   rates.  *Id.* ¶ 13; *see also* Declaration of John D. O'Connor ("O'Connor Decl."), 24-3.  The

9   O'Connor declaration concerns reasonable rates in "Northern California."  According to

10  O'Connor, Mr. Potter has twenty-six years of experience, the last twenty of which were devoted to

11  disability litigation, and is "widely regarded as an authority in this area of law."  O'Connor Decl.

12  ¶ 30.  Attorney Seabock has six years of experience and has based devoted her entire legal career

13  to disability access.  *Id.*  Attorney Price has eight years of experience, seven of which have been

14  devoted to disability access litigation.  *Id.*  Unfortunately, it appears that O'Connor's report was

15  prepared before Attorney Zimmerman joined Potter Handy in March 2020.  Based on the

16  experience of the attorneys at issue in the instant case, O'Connor opined that the most appropriate

17  rate for partners' services range from $450 to $750 per hour and $300 to $550 per hour for

18  associates' services.  *Id.* ¶ 27.  O'Connor declared that his opinion was based on "recent rates

19  awarded in the Northern District, and disability rates in the Bay Area in general," which he has

20  "kept abreast of . . . since at least 2000."  *Id.* ¶ 29.

21          O'Connor's declaration alone does not justify Plaintiff's counsels' claimed rates of $650

22  per hour for Potter, $450 per hour for Seabock and Price, and $400 for Zimmerman.  "These rates

23  are all on the higher end of O'Connor's claimed reasonable rates, and Plaintiff's counsel does not

24  adequately justify these specific rates."  *Johnson v. Baglietto*, 2020 WL 3065939, at *10 (N.D.

25  Cal. May 21, 2020).  In ADA cases, courts typically permit the rates suggested by O'Connor for

26  attorneys with far more experience than Plaintiff's counsel.  *Id.* (collecting cases).  Still, courts

27  Case No.: 5:19-cv-08075-EJD
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
28  ATTORNEYS' FEES AND COSTS

1 have noted that "a rate over \$700/hour is the exception, and not the norm, for disability cases."

2 *Johnson v. Rocklin of Cal. LLC*, 2019 WL 3854308, at *10 (N.D. Cal. Aug. 16, 2019) (citing

3 *Chapman v. NJ Props., Inc.*, 2019 WL 3718585, at *4 (N.D. Cal. Aug. 7, 2019).  Indeed, for

4 attorneys with approximately 20 or more years of experience, courts have generally approved rates

5 ranging from \$350 to \$495 in disability cases.  *Id.*

6       The Court acknowledges that Plaintiff's counsel has previously obtained a fee award

7 consistent with what counsel requests in the instant case.  *See, e.g.*, *Love v. Rivendell II, Ltd., et*

8 *al.*, Case No. 18-cv-03907-JST (EDL), ECF No. 25 (N.D. Cal. Mar. 11, 2019) (report and

9 recommendation granting hourly rate of \$650 for attorneys Potter and Handy); *see id.*, ECF No. 30

10 (adopting report and recommendation). However, as multiple courts in this district noted, "that

11 lone order granting an unopposed motion does not accurately reflect the prevailing rate in the

12 community for work similar to this action," as "that order cited cases that concerned work

13 substantially different from the work performed in this action."  *Johnson v. AutoZone, Inc.*, 2019

14 WL 2288111, at *6 n.4 (N.D. Cal. May 29, 2019); *Rocklin of Cal. LLC*, 2019 WL 3854308, at *9

15 (same).  Specifically, the cases that *Rivendell* relied upon involved "a complex class action matter

16 involving 54 hotels spread among multiple states" and set "'new precedent' that caused the

17 California State Bar to 'change a policy which impacts potentially hundreds of individuals each

18 year across California.'"  *Rocklin of Cal. LLC*, 2019 WL 3854308, at *9.  This case does not

19 involve the same complex issues of law.

20       Indeed, when a matter is a "relatively simple one, in straight-forward application of the

21 law, and which does not present novel or difficult issues requiring a high level of skill or

22 specialization," courts have generally found that higher rates are unwarranted.  *See, e.g.*, *Johnson*

23 *v. Oakwood Ctr. LLC*, 2019 WL 7209040, at *13 (N.D. Cal. Dec. 27, 2019).  "The sheer number

24 of ADA cases that Johnson's counsel is litigating simultaneously underscores the straightforward

25 nature of their cases."  *Baglietto*, 2020 WL 3065939, at *11.  Moreover, Plaintiff's own expert,

26 Mr. O'Connor, explains that the floor for reasonable ADA rates in this district is \$450 per hour for

27 Case No.: 5:19-cv-08075-EJD

28 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

United States District Court
Northern District of California

partners and $300 per hour for associates, with "exceptional awards as low as $250." O'Connor Decl. ¶ 27. Recent decisions from this district conform that rates similar to these are reasonable. *See Baglietto*, 2020 WL 3065939, at *11; *Johnson v. Cala Stevens Creek/Monroe, LLC*, 2020 WL 2556989, at *6 (granting rates of $475 per hour for attorney Potter and $350 for attorney Seaback); *Rocklin of Cal. LLC*, 2019 WL 3854308, at *12 (same); *Shaw v. Kelley*, 2019 WL 5102610, at *5 (N.D. Cal. Oct. 11, 2019) (same); *Oakwood Ctr. LLC*, 2019 WL 7209040, at *13 (same); *Johnson v. Johnson*, 2020 WL 901517, at *6 (N.D. Cal. Feb. 25, 2020) (awarding $475 per hour to attorneys Potter and Handy); *Autozone, Inc.*, 2019 WL 2288111, at *6 (awarding $425 per hour to Potter and Handy and $300 to Seaback); *Love v. Canales*, No. 19-cv-1527-WHA, ECF No. 43 at 4-5 (N.D. Cal. May 8, 2020) (same).

Finally, as the *Baglietto* court noted, Plaintiff's counsel's continued practice indicates that the above rates are reasonable since "a reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018) (quotation marks omitted). Plaintiff's counsel has filed, and continues to file, multiple cases across this State and district. Thus, there is no evidence that rates of approximately $475 per hour for partners and $350 per hour for associates are insufficient to induce capable attorneys to undertake ADA litigation in this district. *Baglietto*, 2020 WL 3065939, at *11.

Accordingly, in light of Plaintiff's declarations and evidence, case law from this district concerning reasonable attorney's fees, and binding Ninth Circuit precedent, this Court finds that the following hourly rates are reasonable for the instant case: $475 per hour for attorney Potter, $350 per hour for attorney Seaback and Price, and $250 per hour for attorney Zimmerman (in light of the fact that she is newly barred and *just* joined the CDA Law Firm).

### 2. Reasonableness of Hours Billed

Having determined the reasonable hourly rate to be applied, the Court now determines the number of hours reasonably expended on the litigation. *See Fischer v. SJP-P.D. Inc.*, 214 F.3d

1   1115, 1119 (9th Cir. 2000).  The Court "may not attempt to impose its own judgment regarding

2   the best way to operate a law firm, nor to determine if different staffing decisions might have led

3   to different fee requests."  *Moreno*, 534 F.3d at 1115.  However, the Ninth Circuit has also

4   explained that "district courts have a *duty* to ensure that claims for attorneys' fees are reasonable,

5   and a district court does not discharge that duty simply by taking at face value the word of the

6   prevailing party's lawyer for the numbers of hours expended on the case.  Rather, a district court

7   must ensure that the winning attorneys have exercised billing judgment."  *Vogel*, 893 F.3d at 1160

8   (quotation marks and citations omitted).

9          Plaintiff's counsels' billing records indicate that four attorneys expended 21.1 hours

10   litigating this case.  Potter Decl., Ex. 2.  Plaintiff's lawyers have litigated "over a thousand" ADA

11   cases in the Northern District of California and approximately 1,500 ADA cases in the Central

12   District of California.  *Baglietto*, 2020 WL 3065939, at *12 (noting that Plaintiff's counsel has

13   litigated about 5,000 ADA cases in California alone).  Thus, this Court, like others in this district

14   "expect[s] significant efficiencies as well as templates that counsel could use in every case."  *Id.*

15          Such efficiencies are lacking in this case.  Even accepting counsel's argument that Mr.

16   Potter needed 2.8 hours to prepare the Complaint so that he could adequately ensure Plaintiff's

17   claims had merit, it is confusing why Attorney Seabock would need another .8 hours to draft the

18   Complaint.  This Complaint is *boilerplate*; it is virtually identical to the many other complaints

19   filed by the CDA Law Firm.  The Court will deduct 0.4 hours and allow for 0.4 hours of

20   Seabock's time with respect to the Complaint.  *See Kelley*, 2019 WL 5102610, at *6.  Attorney

21   Seabock also billed .2 hours to draft the notice of settlement in this matter.  This firm has settled

22   thousands of ADA cases, there is no reason a simple settlement should have taken more than .1

23   hours to file.

24          It is likewise confusing why the named-firm partner would spend his time performing due

25   diligence.  Courts in this district have recognized that routine work reasonably should be delegated

26   to less senior attorneys and that work by senior attorneys should be limited to matters requiring

27   Case No.: 5:19-cv-08075-EJD
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
28   ATTORNEYS' FEES AND COSTS

8

United States District Court
Northern District of California

1    that level of skill. *Id.* The Court thus will bill Mr. Potter's 2.8 hours at $350 per hour. Along this

2    same reasoning, attorney Zimmerman records that she spent .4 hours drafting Plaintiff's initial

3    disclosures in this matter. Such initial disclosures are boilerplate. The Court thus reduces the time

4    to .1 hours.

5            Defendants also object to a number of Plaintiff's counsel's time entries on the ground that

6    they are clerical tasks. Purely clerical tasks are generally not recoverable in a motion for

7    attorneys' fees and should instead be subsumed in normal overhead costs. *Nadarajah v. Holder*,

8    569 F.3d 906, 921 (9th Cir. 2009) ("[F]iling, transcript, and document organization time was

9    clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal

10   rates"); *LaToya A. v. San Francisco Unified Sch. Dist.*, 2016 WL 344558, at *9 (N.D. Cal. Jan. 28,

11   2016) (same); *Yates v. Vishal Corp.*, No. 11-cv-00643-JCS, 2014 WL 572528, at *5 (N.D. Cal.

12   Feb. 4, 2014) (same); *see also Kelley*, 2019 WL 5102610, at *6 (holding that clerical tasks

13   include: instructing assistants to perform tasks like retrieving, filing, or serving documents;

14   sending documents to the client or to opposing counsel; and calling or communicating with the

15   client, opposing counsel, and other about scheduling matters). The Court agrees with Defendant

16   that a number of the fees sought pertain to administrative tasks, like Seabock attempts to recover

17   fees for reviewing an internal text assigning a case to her. This is an "organizational" task that

18   should have been subsumed in the firm overhead. Likewise, instructing an assistant to contact

19   defense counsel and coordinate schedules is clerical work. Accordingly, the Court deducts 1.3

20   hours from Seabock's time and .3 hours from attorney Price's time. *See* Potter Decl., Ex. 2.

21           Finally, Defendant objects to the time Plaintiff's counsel took to prepare this motion.

22   Defendant, however, provides no precedent that indicates 2.3 hours to prepare the instant motion

23   was unreasonable or that the 8 hours needed for rebuttal papers was unreasonable. However,

24   because the Court vacated the oral argument for this motion, the Court deducts an hour from

25   attorney Price's billing records.

26

27   Case No.: 5:19-cv-08075-EJD
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
28   ATTORNEYS' FEES AND COSTS

United States District Court
Northern District of California

United States District Court
Northern District of California

### 3.  Lodestar Calculation

Based on this analysis, the Court finds Plaintiff's counsel reasonably billed 17.8 hours as follows: Mark Potter (2.8 hours @ $350/hour and .3 hours @ $475/hour = $1,122.5); Amanda Seabock (4.2 hours @ $350/hour = $1,470); Dennis Price (9.9 hours @ $350/hour = $3,465); and Josie Zimmerman (.4 hours @ $250/hour = $100).  The Court thus awards Plaintiff's counsel fees in the amount of $6,157.5.

### B.  Litigation Costs

Plaintiff also seeks costs in the amount of $875: $75 for service fees, $400 for filing fees, and $400 for investigation fees.  *See Cruz v. Starbucks Corp.*, 2013 WL 2447862, at *10 (N.D. Cal. June 5, 2013) (awarding costs for filing fees and service of process fees).  Defendants object to the investigation fees due to the lack of a formal invoice.  Opp. at 8.  However, Defendants have not provided this Court with any basis to conclude that Mr. Potter has been untruthful about the $800 he says was paid.  Accordingly, this Court awards Plaintiff $875 in costs.

### IV.   CONCLUSION

For the foregoing reasons the Court **GRANTS in part and DENIES in part** Plaintiff's motion for attorneys' fees.  The Court **AWARDS** $6,157.5 in attorneys' fees and $875 in costs.

**IT IS SO ORDERED.**

Dated: June 17, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-08075-EJD
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

10